IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Deborah Lee | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| *-vs-* | ) | No. 09 CV _____ |
| | ) | |
| Thomas J. Dart, Sheriff of Cook | ) | *(jury demand)* |
| County, and Cook County, Illinois | ) | |
| | ) | |
| *Defendants.* | ) | |

## COMPLAINT

Plaintiff, by counsel, alleges as follows:

1.    This is a civil action arising under 42 U.S.C. §1983. The jurisdiction of this Court is conferred by 28 U.S.C. §1343 and 28 U.S.C. §1367.

2.    Plaintiff Deborah Lee is a female resident of the Northern District of Illinois.

3.    Defendants are Thomas J. Dart, Sheriff of Cook County and Cook County, Illinois. Plaintiff sues Dart in his individual and in his official capacity; plaintiff joins Cook County pursuant to *Carver v. Sheriff of LaSalle County*, 324 F. 3d 947 (7th Cir. 2003).

4.    At all times relevant, defendant Dart has enforced an official policy (hereinafter "shackling policy") requiring correctional officers to shackle pregnant woman, who are in the custody of the

Sheriff of Cook County, during and immediately after labor and delivery.

5.     Defendant Dart's shackling policy implements a barbaric practice that needlessly inflicts excruciating pain and humiliation:

a.     Shackling a pregnant woman during and immediately after the birthing process poses an obvious and substantial risk of harm to the woman's health and safety.

b.     A pregnant woman who is shackled during the birthing process will often soil her bedsheets, causing actual discomfort and humiliation and subjecting the woman to a serious risk of infection.

c.     A woman who is shackled during labor is unable to move to allay the pains of labor, and will often incur bruising from the shackles and experience a loss of dignity.

6.     Defendant Dart has enforced his shackling policy in willful and wanton disregard of the laws of the State of Illinois: At all times relevant, there has been in force and effect an Illinois statute, compiled as 55 ILCS 5/3-15003.6, that provides as follows:

**Pregnant female prisoners**. Notwithstanding any other statue, directive, or administrative regulation, when a pregnant female prisoner is brought to a hospital form a County Department of Corrections facility for the purpose of delivering her baby, no handcuffs, shackles, or restraints of any kind may be used during her transport to a medical facility for the purpose of delivering her baby. Under no

circumstances may leg irons or shackles or waist shackles be used on any pregnant female prisoner who is in labor. Upon the pregnant prisoner's entry to the hospital delivery room, a county correctional officer must be posted immediately outside the delivery room. The Sheriff must provide for adequate personnel to monitor the pregnant female prisoner during her transport to and from the hospital and during her stay at the hospital.

7.    Defendant Dart has enforced his shackling policy in deliberate indifference to the laws of the United States:

a.    Defendant Dart's shackling policy violates the *Convention against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment* (the "Torture Convention"), G.A. Res. 46, 39 U.N. GAOR Supp. (No. 51), U.N. Doc. A/39/51 (1984). The United States ratified this treaty in 1994.

b.    Defendant Dart's shackling policy also violates the *International Covenant on Civil and Political Rights* (the "ICCPR"), GA res. 2200A (XXI), 21 U.N. GAOR Supp. (No. 16) at art. 7, U.N. Doc. A/6316 (1966). The United States ratified this treaty in 1992.

8.    Defendant Dart has enforced his shackling policy in deliberate indifference to rights secured by the Fourth, Eighth, and Fourteenth Amendments to the Constitution of the United States.

9.    Plaintiff was admitted to the Cook County Jail as a pre-trial detainee on or about May 7, 2009.

10.    Plaintiff was pregnant when she was admitted to the jail.

11.    Plaintiff went into labor on June 1, 2009 at approximately 4:00 p.m in the afternoon and was transported in a squad car to John Stroger Hospital.   Plaintiff's legs were shackled and she was in handcuffs while she was being transported to the hospital.

12.    Following her admission to the hospital, plaintiff was placed into a labor and delivery room.

13.    While in the labor and delivery room, as required by defendant Dart's "shackling policy," a Deputy Sheriff shackled plaintiff by hand and foot to the hospital bed.

14.    As required by defendant Dart's "shackling policy," plaintiff remained shackled during labor.

15.    At approximately 4:00 a.m. on June 2, 2009 delivered a baby. As required by defendant Dart's "shackling policy," plaintiff delivered her child while shackled.

16.    As required by defendant Dart's "shackling policy," plaintiff remained shackled during the next several days during her post-delivery recovery at Stroger Hospital.

17.    As a direct and proximate result of defendant Dart's shackling policy, plaintiff was unreasonably restrained, subjected to punishment, incurred great emotional and physical pain and suffering.

-4-

18.    Plaintiff hereby demands trial by jury.

Wherefore plaintiff requests that judgment be entered in her favor against defendant Dart in an amount in excess of one hundred thousand dollars as compensatory damages and in an amount in excess of one hundred thousand dollars as punitive damages, and that the costs of this action, including reasonable attorney's fees, be taxed against defendant Cook County.

/s/ Thomas G. Morrissey
Thomas G. Morrissey, Ltd.
ARDC 3125372
10249 S. Western Ave.
Chicago, IL. 60643
(773) 233-7900


Kenneth N. Flaxman
ARDC 0830399
200 S. Michigan, Ste 1240
Chicago, IL. 60604-2430
(312) 427-3200

*Attorneys for Plaintiff*