IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DEBORAH LEE, | ) | |
| | ) | |
| Plaintiff, | ) | No. 09 C 7789 |
| | ) | |
| v. | ) | Judge: Harry D. Leinenweber |
| | ) | |
| THOMAS J. DART, SHERIFF OF COOK COUNTY and COOK COUNTY ILLINOIS, | ) ) ) | |
| Defendants. | ) | |

## DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT

NOW COME Defendants County of Cook and Thomas Dart, through their attorney ANITA ALVAREZ, State's Attorney of Cook County, through her assistant, Assistant State's Attorney PATRICK SMITH, and, answer Plaintiff's Complaint as follows:

1. This is a civil action arising under 42 U.S.C. §1983. The jurisdiction of this Court is conferred by 28 U.S.C. §1343 and 28 U.S.C. §1367.

**ANSWER**: Defendants admit the allegations contained in paragraph one.

2. Plaintiff Deborah Lee is a female resident of the Northern District of Illinois.

**ANSWER**: Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph two.

3. Defendants are Thomas J. Dart, Sheriff of Cook County and Cook County, Illinois. Plaintiff sues Dart in his individual and in his official capacity; plaintiff joins Cook County pursuant to *Carver v. Sheriff of LaSalle County*, 324 F. 3d 947 (7th Cir. 2003).

**ANSWER**: Defendants admit the allegations contained in paragraph three.  Defendant Dart denies he had any contact or involvement with Plaintiff.

4. At all times relevant, defendant Dart has enforced an official policy (hereinafter "shackling policy") requiring correctional officers to shackle pregnant woman, who are in the custody of the Sheriff of Cook County, during and immediately after labor and delivery.

**ANSWER**: Defendants deny the allegations contained in paragraph four.

5. Defendant Dart's shackling policy implements a barbaric practice that needlessly inflicts excruciating pain and humiliation:

   a. Shackling a pregnant woman during and immediately after the birthing process poses an obvious and substantial risk of harm to the woman's health and safety.

   b. A pregnant woman who is shackled during the birthing process will often soil her bedsheets, causing actual discomfort and humiliation and subjecting the woman to a serious risk of infection.

   c. A woman who is shackled during labor is unable to move to allay the pains of labor, and will often incur bruising from the shackles and experience a loss of dignity.

**ANSWER**: Defendants deny the allegations contained in paragraph five and are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in sub-paragraphs 5(a), 5(b), and 5(c).

6. Defendant Dart has enforced his shackling policy in willful and wanton disregard of the laws of the State of Illinois: At all times relevant, there has been in force and effect an Illinois statute, compiled as 55 ILCS 5/3-15003.6, that provides as follows:

> Pregnant female prisoners. Notwithstanding any other statue, directive, or administrative regulation, when a pregnant female prisoner is brought to a hospital form a County Department of Corrections facility for the purpose of delivering her baby, no handcuffs, shackles, or restraints of any kind may be used during her transport to a medical facility for the purpose of delivering her baby. Under no circumstances may leg irons or shackles or waist shackles be used on any pregnant female prisoner who is in labor. Upon the pregnant prisoner's entry to the hospital delivery room, a county correctional officer must be posted immediately outside the delivery room. The Sheriff must provide for adequate personnel to monitor the pregnant female prisoner during her transport to and from the hospital and during her stay at the hospital.

**ANSWER**: Defendants deny the allegations contained in paragraph six.

7. Defendant Dart has enforced his shackling policy in deliberate indifference to the laws of the United States:

   a. Defendant Dart's shackling policy violates the *Convention against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment* (the "Torture Convention"), G.A. Res. 46, 39 U.N. GAOR Supp. (No. 51), U.N. Doc. A/39/51 (1984). The United States ratified this treaty in 1994.

   b. Defendant Dart's shackling policy also violates the *International Covenant on Civil and Political Rights* (the "ICCPR"), GA res. 2200A (XXI), 21 U.N. GAOR Supp. (No. 16) at art. 7, U.N. Doc. A/6316 (1966). The United States ratified this treaty in 1992.

**ANSWER**: Defendants deny the allegations contained in paragraph seven and sub-paragraphs 7(a) and 7(b).

8.  Defendant Dart has enforced his shackling policy in deliberate indifference to rights secured by the Fourth, Eighth, and Fourteenth Amendments to the Constitution of the United States.

**ANSWER**: Defendants deny the allegations contained in paragraph eight.

9.  Plaintiff was admitted to the Cook County Jail as a pre- trial detainee on or about May 7, 2009.

**ANSWER**: Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph nine.

10.  Plaintiff was pregnant when she was admitted to the jail.

**ANSWER**: Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph ten.

11.  Plaintiff went into labor on June 1, 2009 at approximately 4:00 p.m in the afternoon and was transported in a squad car to John Stroger Hospital. Plaintiff's legs were shackled and she was in handcuffs while she was being transported to the hospital.

**ANSWER**: Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of paragraph eleven. Defendants deny the allegations contained in the second sentence of paragraph eleven.

12.     Following her admission to the hospital, plaintiff was placed into a labor and delivery room.

**ANSWER**: Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph twelve.

13.     While in the labor and delivery room, as required by defendant Dart's "shackling policy," a Deputy Sheriff shackled plaintiff by hand and foot to the hospital bed.

**ANSWER**: Defendants deny the allegations contained in paragraph thirteen.

14.     As required by defendant Dart's "shackling policy," plaintiff remained shackled during labor.

**ANSWER**: Defendants deny the allegations contained in paragraph fourteen.

15.     At approximately 4:00 a.m. on June 2, 2009 delivered a baby.  As required by defendant Dart's "shackling policy," plaintiff delivered her child while shackled.

**ANSWER**: Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of paragraph fifteen.  Defendants deny the allegations contained in the second sentence of paragraph fifteen.

16.     As required by defendant Dart's "shackling policy," plaintiff remained shackled during the next several days during her post-delivery recovery at Stroger Hospital.

**ANSWER**: Defendants deny the allegations contained in paragraph sixteen.

17. As a direct and proximate result of defendant Dart's shackling policy, plaintiff was unreasonably restrained, subjected to punishment, incurred great emotional and physical pain and suffering.

**ANSWER**: Defendants deny the allegations contained in paragraph seventeen.

18. Plaintiff hereby demands trial by jury.

**ANSWER**: Defendants admit the allegations contained in paragraph eighteen.

## AFFIRMATIVE DEFENSES

1. The Plaintiff failed to exhaust her administrative remedies as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a). See Massey v. Helman 196 F.3d 727 (7th Cir. 1999) and Pavey v. Conley 528 F.3d 494 (7th Cir. 2008).

2. Any injuries the Plaintiff may have incurred at the hands of the Defendants or any medical personnel were brought on my Plaintiff's own actions.

## JURY DEMAND

Defendants respectfully request a trial by jury.

WHEREFORE, based on the foregoing, Defendants deny that Plaintiffs are entitled to any damages or attorney's fees. Defendants pray that this Honorable Court grant judgment in their favor and against Plaintiffs on all aspects of their amended complaint and further requests

that this Honorable Court grant Defendants' fees, costs, and such other belief that this Court deems just and appropriate.

          Respectfully Submitted,

          ANITA ALVAREZ
          State's Attorney of Cook County

By:    /s/ Patrick S. Smith
          Patrick S. Smith
          Assistant State's Attorney
          Conflicts Counsel Unit
          69 W. Washington, 20th floor
          Chicago, Illinois 60602
          (312) 603-1422