**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| DEBORAH LEE, | ) | |
| | ) | |
| Plaintiff, | ) | No. 09 CV 7789 |
| | ) | |
| v. | ) | Judge:  Harry D. Leinenweber |
| | ) | |
| THOMAS J. DART, SHERIFF OF COOK | ) | |
| COUNTY and COOK COUNTY ILLINOIS, | ) | |
| | ) | |
| Defendants. | ) | |

**MOTION TO QUASH NOTICE OF DEPOSITION AND FOR A PROTECTIVE ORDER
BARRING DEPOSITION OF DEFENDANT THOMAS J. DART**

NOW COMES Defendant, THOMAS J. DART, Sheriff of Cook County, through his attorney ANITA ALVAREZ, State's Attorney of Cook County, through her assistant, Assistant State's Attorney PATRICK SMITH, and moves to quash notice of his deposition and for a protective order barring said deposition in this matter.

## I. INTRODUCTION

The matter before this Honorable Court arises out of the alleged shackling of Plaintiff, a pregnant pre-trial detainee, during her period of delivery at Stroger Hospital.  The only relief sought is monetary.  The complaint names Thomas J. Dart and Cook County as defendants.  Thomas J. Dart is the current, duly elected Sheriff of Cook County.  This case alleges that certain policies (a.k.a. "general orders") and procedures of the Cook County Department of Corrections (CCDOC) violate Illinois statute and 42 U.S.C. § 1983.

On June 1, 2010, Plaintiff served upon Defendant Dart a Notice of Deposition in this case.  Plaintiff's request to depose Sheriff Dart is substantially the same as the plaintiffs' requests to depose

1

Dart in the related actions *Bryant v. Sheriff of Cook County*, 09-cv-1546 (N.D. Ill. Filed Mar. 11, 2009) (Gottschall, J.), *see* Doc. 23 (Filed Sep. 4, 2009); and *Morales v. Dart*, 09-cv-3546 (N.D. Ill. Filed Jun. 11, 2009) (Kennelly, J.), *see* Doc. 22 (Filed Nov. 13, 2009).  Plaintiffs Bryant and Morales in those actions and Plaintiff Lee here are represented by the same attorneys and raise identical claims relating to alleged shackling of inmates during the birthing process.  Judge Gottschall denied Bryant's request, *Bryant*, 09-cv-1546, Doc. 25 (Minute Entry) (Filed Sep. 10, 2009), and Judge Kennelly denied Morales' request, *Morales*, 09-cv-3546, Doc. 24 (Minute Entry) (Filed Nov. 18, 2009).   Now their attorneys make the same request of this Court in a further attempt to forum-shop.

## II. ARGUMENT

"The policy considerations underlying witness immunity for testimony in open court apply with equal force to other forms of testimony such as depositions and affidavits."  *Giffin v. Summerlin*, 78 F.3d 1227, 1231 (7th Cir. 1996).  "In general, high ranking government officials enjoy limited immunity from being deposed in matters about which they have no personal knowledge.  The immunity is warranted because such officials must be allowed the freedom to perform their tasks without the constant interference of the discovery process."  *Warzon v. Drew*, 155 F.R.D. 183, 185 (E.D. Wisc. 1994) (citing *In re United States*, 985 F.2d 510, 512 (11th Cir. 1993)); *see Stagman v. Ryan*, 176 F.3d 986, 994-95 (7th Cir. 1999).

The notice of deposition of Defendant Dart should be quashed and a protective order barring the deposition should issue because the Plaintiff is unable to demonstrate that: (1) the deposition is necessary in order to obtain relevant information that cannot be obtained from any other source and (2) the deposition would not significantly interfere the with ability of Sheriff Dart to perform his governmental duties.  *United States v. Menominee Tribal Enters.*, 2008 U.S. Dist. LEXIS 64607,

*37-38 (E.D. Wisc. June 2, 2008); *see, e.g.*, *Marisol A. v. Guiliani,* 1998 U.S. Dist. LEXIS 3719, *6-7 (S.D.N.Y. Mar. 23, 1998) (quashing deposition of New York City's mayor).   Moreover, the Plaintiff is required to show a "real need" for a high-ranking government official's testimony before he is taken away from his work to spend time answering a lawyer's questions. *See Olivieri v. Rodriguez,* 122 F.3d 406, 409 (7th Cir. 1997).   Plaintiff is unable to show that the information she is seeking is not available from depositions of other persons, or that it cannot be obtained through interrogatories or other less-intrusive discovery devices. *See e.g.*, *Olivieri*, 122 F.3d at 410; *Chicago Reader Inc. v. Sheahan*, 192 F.R.D. 586, *3 (N.D. Ill. 2000) (Moran, J.).

It is well-settled that high ranking governmental officials should not be subject to deposition unless the testimony sought will lead to admissible evidence relevant to the disposition of the case. *Olivieri,* 122 F.3d at 409-10.   This standard arises out of well-placed concern that busy officials should not be prevented from attending to their official duties by having to spend their time giving depositions in cases arising out of the performance of their official duties when that information is readily available through another source or via a less intrusive method of discovery. *See, id.*   In addition, adherence to these principles is necessary to relieve agency decision makers from the burdensomeness of discovery, to allow them to spend their valuable time on the performance of official functions, and to protect them from inquiries into the mental processes of agency decision-making. *See, United States v. Morgan,* 313 U.S. 409, 422 (1941).

Thomas Dart is the elected sheriff of a county that is home to 5.3 million residents and the nation's third-largest city.   The Sheriff of Cook County has the principal responsibility for protecting people and property and providing general services, such as patrolling hundreds of miles of County highways throughout Chicago, its suburbs, and the unincorporated areas of the County.   Dart

oversees the second-largest sheriff's department in the nation and employs a staff of over 6,800.

Sherriff Dart is an independently elected officer who answers to the electorate and is, thus, not just a

Cook County employee, but actually a County officer. *Moy v. County of Cook*, 159 Ill. 2d 519, 640

N.E.2d 926, 931 (1994); *Thompson v. Duke*, 882 F.2d 1180, 1187 (7th Cir. 1989).

Sheriff Dart, in attending to the affairs of the Cook County, qualifies as a busy and high-level

government official. As such, he should not be required to spend his time giving depositions in cases

arising out of the performance of his official duties where the testimony sought is easily obtained

from other sources or via less-burdensome means. *See Olivieri v. Rodriguez,* 122 F.3d 406, 409-10

(7th Cir. 1997). Before demanding that Sheriff Dart submit to a deposition, Plaintiff must show the

Court "some reason to believe that the deposition . . . will lead to or produce admissible evidence in

[this case]." *Cannon v. Burge*, 05-cv-2192, 2007 U.S. Dist. LEXIS 60788, *16 (N.D. Ill. Aug. 20,

2007) (St. Eve, J.) (citing *Olivieri*, 122 F.3d at 410).

In the alternative, a less intrusive method of discovery to determine whether Sheriff Dart has

any relevant, admissible knowledge should be employed before he is required to sit for a deposition.

The method invoked by the District Court pursuant to Fed. R. Civ. P. 26(c)(3) (and approved by the

Seventh Circuit) in *Olivieri* should be followed in this case. *See*, 122 F.3d at 410 ("Deposing the

superintendent was not necessary in order to get an answer under oath to this simple question; a

written interrogatory would do just as well."). If this Court is not inclined to bar the deposition

request outright, then Plaintiff should be required to first issue interrogatories to determine whether

Sheriff Dart has any relevant and admissible information. After such interrogatories, Plaintiff should

then be required to make a showing to this Court demonstrating that there is a "real need" for the

deposition. *Id*. at 409.

4

The rationales supporting this motion are the same as the rationales behind the objections made by Defendant Dart in the *Bryant* and *Morales* cases against the same plaintiff's attorneys. Plaintiff's counsel have never attempted to defeat these motions, nor have they attempted to heed them by first seeking less-intrusive discovery techniques or making a showing of "real need" (or any need) to depose Sheriff Dart.  Plaintiff's counsel's continued attempts to depose Dart, without attempting to heed the legal authorities brought to their attention by these motions, wastes the time of defense counsel and this Court.

## III.  CONCLUSION

**WHEREFORE**, based upon the foregoing, Defendant Thomas Dart, Sheriff of Cook County, requests that this Honorable Court enter an order quashing the notice of deposition and issue a protective order barring his deposition in this case.  In the alternative, Sheriff Dart requests that this Court require Plaintiff to issue interrogatories designed to test whether Sheriff Dart has any relevant and admissible information, and then make a showing of the same to this Court, before Dart is required to submit to a deposition.

Defendant Dart further prays that this Court order Plaintiff and Plaintiff's counsel to pay Defendant's attorneys fees for the time necessary to draft and file this motion.

<div style="margin-left:40%">

Respectfully Submitted,

ANITA ALVAREZ
State's Attorney of Cook County
By:   /s/ Patrick S. Smith
Patrick S. Smith
Assistant State's Attorney
Deputy Supervisor
Conflicts Counsel Unit
69 W. Washington, 20th floor
Chicago, Illinois 60602
(312) 603-1422

</div>

5