IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION

| | | |
|---|---|---|
| Deborah Lee, | ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 09 C 7789 |
| Thomas J. Dart, Sheriff of Cook County and Cook County Illinois | ) ) ) | Judge: Leinenweber |
| Defendants. | ) ) | |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO QUASH THE DEPOSITION OF DEFENDANT THOMAS J. DART**

Now comes Plaintiff, Deborah Lee, by and through her attorneys Thomas G. Morrissey and Kenneth N. Flaxman and responds to Defendant's Motion to Quash as follows:

1. In the Complaint, Defendant Dart is named individually and in his official capacity.

2. Plaintiff avers that Defendant Dart has personal knowledge and enforced a "shackling policy" for pregnant pre-trial detainees before, during, and after labor.

3. Defendant Dart has publicly defended his "shackling policy" by asserting that "many women" have escaped from custody during childbirth. (Sheriff Dart Letter to Editor, Chicago Tribune, June 25, 2009, attached as Exhibit 1 *infra*.) According to Defendant Dart, "Anytime a detainee is taken outside the jail for medical treatment, he or she becomes an immediate escape risk."

4. Consistent with *Olivieri v. Rodriguez*, 122 F.3d 406 (7th Cir. 1997), plaintiff's attorney initially propounded written discovery to elicit Defendant Dart's personal knowledge of the "shackling policy."

5. On June 2, 2010 defense counsel tendered unsigned answers to Defendant Dart's interrogatories that were vague, inconsistent, and incomplete. (Defendant's Answers to Plaintiff's Interrogatories, attached as exhibit 2 *infra*.)

6. In accordance with Local Rule 37(2) plaintiff's attorney sent a letter seeking complete responses to interrogatories. (attached as exhibit 3 *infra*.)

7. In accordance with Local Rule 37(2) plaintiff's attorney and defense counsel conferred on or about June 9 in regards to Defendant Dart's incomplete answers to plaintiff's interrogatories. Defense counsel sent a letter to plaintiff's attorney June 11, 2010 and stated that Defendant Dart's completed answers should be faxed to plaintiffs by Tuesday, June 15, 2010. (attached as exhibit 4 *infra*.)

8. On June 15 plaintiff's counsel attempted to contact defense counsel several times and sent via facsimile a letter requesting the status of Defendant Dart's answers to interrogatories.

9. Plaintiff's counsel have yet to receive a response.

Wherefore, plaintiff prays for an order denying the Defendant's Motion to Quash.

Respectfully submitted,

/s/ Thomas G. Morrissey
10249 S. Western Ave.
Chicago, Illinois 60643
(773) 233- 7900

Kenneth N. Flaxman
200 S. Michigan Ave, Ste 1240
Chicago, Illinois 60604
(312) 427-3200
*Attorneys for Plaintiff*

# chicagotribune.com

## Archives Opinion

Return to your last page

Archive for Thursday, June 25, 2009

# Handcuffing pregnant inmates

June 25, 2009

## Handcuffing pregnant inmates

This is in response to "Suit: Inmate shackled in labor; Woman was incarcerated days before hospital delivery" (News, June 12).

Attorneys Thomas Morrissey and Kenneth Flaxman allege that the jail's policy for handcuffing pregnant inmates while they are treated at outside hospitals violates state law.

Nothing could be further from the truth.

In fact, the jail's written policy specifically cites the statute in question and orders correctional officers to not handcuff pregnant inmates while they are being transported to the hospital and while they are delivering their babies.

Anytime a detainee is taken outside the jail for medical treatment, he or she becomes an immediate escape risk.

That is why we are permitted by law to cuff pregnant inmates to their hospital beds if they are not in labor and after child birth.

Many female inmates have successfully escaped custody while receiving medical treatment (including child birth) at hospitals outside of Cook County Jail.

The policy is in place to protect both the hospital staff and the female inmates.

In fact, not long ago, a female inmate who was hospitalized for surgery died while jumping from a hospital window at the in an escape attempt while she was recovering from the operation.

Further, it should be mentioned that the sheriff's office has operated a program called MOM's that has allowed hundreds of pregnant inmates who are charged with non-violent crimes to receive therapeutic pre- and post-natal care while in custody.

The program includes substance abuse counseling and mental-health treatment for pregnant inmates, and it allows them to remain with their babies after birth in a secure setting outside the jail walls.

— Thomas J. Dart, sheriff of Cook County, Chicago



**Related articles**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Deborah Lee, | ) | |
| | ) | |
| Plaintiff, | ) | No. 09 C 7789 |
| | ) | |
| v. | ) | Judge Henry D. Leinenweber |
| | ) | |
| Thomas J. Dart, Sheriff of Cook County, and | ) | |
| Cook County, Illinois | ) | |
| | ) | |
| Defendants. | ) | |

### DEFENDANT'S ANSWER TO PLAINTIFF'S INTERROGATORIES

1. Identify all written policies, procedures, and training manuals relating to guarding or providing security for detainees while they are patients at a hospital, including but not limited to the practice or policy of restraining and/or shackling detainees to hospital beds.

ANSWER: Defendants direct Plaintiffs to previously tendered documents titled External Operations, Policy No. EO-32 and External Operations, Policy No. 32.

2. State whether Defendant Dart had personal knowledge of the written policies, procedures, and/or practices relating to guarding or providing security for detainees while they are patients at a hospital, including but not limited to the practice or policy of restraining and/or shackling detainees to hospital beds during the period from December 1, 2004 through December of 2009.

ANSWER: Plaintiff Dart had knowledge of the existence of policies, but did not participate in the creation or day to day execution of such policies.

1



3. Unless Defendant Dart's answer to the proceeding interrogatory is an unqualified "no", state the following:

4. When did Defendant Dart first become aware of the written policies, procedures, and/or practices relating to guarding or providing security for detainees while they are patients at a hospital.

ANSWER: Defendant Dart became aware of the existence of such policies on or about July 2009. Investigation continues.

5. Describe Defendant Dart's understanding of policies and/or practice of the Sheriff's Office related to guarding or providing security for detainees, including but not limited to pregnant women, assigned to a hospital when he first became aware of the policies and/or practices.

ANSWER: Plaintiff Dart had knowledge of the existence of policies, but did not participate in the creation or day to day execution of such policies.
Investigation continues.

6. Describe how Defendant Dart first became aware of said practices and/or policies for guarding hospitalized pregnant females and if the source of this information was an employee or agent of the Sheriff's Office, please identify the person(s) position within the Sheriff's Office and who was present during this conversation.

ANSWER: Plaintiff Dart had knowledge of the existence of policies, but did not participate in the creation or day to day execution of such policies. Superintendent Gary Hickerson, Michael Holmes III, Jocelyn Jackson, and Thomas Snooks. Investigation continues.

2

7. Describe any and all steps taken by Defendant Dart after he became aware of the Sheriff's Office policies, procedures, and/or practices relating to guarding or providing security for pregnant detainees while they are patients at a hospital.

ANSWER: Defendants object to providing information that is irrelevant to any claims or defenses and/or that is not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving these objections, Defendants direct Plaintiffs to previously tendered documents titled External Operations, Policy No. EO-32 and External Operations, Policy No. 32.

8. Identify any and all persons, including employees of the defendants, with knowledge pertaining to the defendants practice or policies of restraining and/or shackling detainees to hospital beds.

ANSWER: Superintendent Gary Hickerson, Michael Holmes III, Jocelyn Jackson, and Thomas Snooks. Investigation continues.

9. During the period from December 1, 2004 to the present, has there ever been a practice or policy of restraining and/or shackling certain detainees to hospital beds.

ANSWER: Defendants object to Paragraph 9 as it relates to the December 1, 2004 date, because it is not reasonably calculated to lead to the discovery of admissible evidence. Subject to and not waiving this objection, Defendants answer yes. Defendants direct Plaintiffs to previously tendered documents titled External Operations, Policy No. EO-32 and External Operations, Policy No. 32. Defendants further instruct Plaintiffs to look to Stroger's policies and procedures regarding pregnant inmates.

10. Unless your answer to the proceeding interrogatory is an unqualified "no", state the following:

11. The period of time when the defendants' practice or policy of restraining and/or shackling detainees to hospital beds was in effect.

ANSWER: Defendants direct Plaintiff to previously tendered documents titled External Operations, Policy No. EO-32 and External Operations, Policy No. 32. Defendants further instruct Plaintiffs to look to Stroger's policies and procedures regarding pregnant inmates.

12. Whether the defendants' practice or policy of restraining and/or shackling detainees to hospital beds applied to all hospitalized detainees.

ANSWER: Defendants direct Plaintiff to previously tendered documents titled External Operations, Policy No. EO-32 and External Operations, Policy No. 32. Defendants further instruct Plaintiffs to look to Stroger's policies and procedures regarding pregnant inmates.

13. If the defendants' practice or policy of restraining and/or shackling detainees to hospital beds only applied only to certain hospitalized detainees, identify what criteria or factors were used by the defendants in selecting which hospitalized detainees were shackled to their hospital beds.

ANSWER: Defendants direct Plaintiff to previously tendered documents titled External Operations, Policy No. EO-32 and External Operations, Policy No. 32. Defendants further instruct Plaintiffs to look to Stroger's policies and procedures regarding pregnant inmates.

14. Identify the names of all employees assigned to guard and/or provide security when plaintiff Deborah Lee was hospitalized in John Stroger Hospital in June 2, 2009.

ANSWER: Defendants direct to previously tendered documents titled External Operations Daily Detainee Hospitalization Checklists.

15. Identify any and all reasons why it was necessary to shackle the plaintiff's leg to a hospital bed prior to her giving birth on June 2, 2009.

ANSWER: Defendants direct Plaintiff to previously tendered documents titled External Operations, Policy No. EO-32 and External Operations, Policy No. 32. Defendants further instruct Plaintiffs to look to Stroger's policies and procedures regarding pregnant inmates.

16. Identify any and all reasons why it was necessary to shackle the plaintiff's leg to a hospital bed after she gave birth to her child on June 2, 2009.

ANSWER: Defendants direct Plaintiff to previously tendered documents titled External Operations, Policy No. EO-32 and External Operations, Policy No. 32. Defendants further instruct Plaintiffs to look to Stroger's policies and procedures regarding pregnant inmates.

17. Identify any and all individuals with knowledge relating or pertaining to the plaintiff presenting a flight risk or security risk during her hospitalization or transportation to the hospital in June of 2009.

ANSWER: Defendants direct Plaintiffs to previously tendered documents titled External Operations, Policy No. EO-32 and External Operations, Policy No. 32. Defendants further

5

instruct Plaintiffs to look to Stroger's policies and procedures regarding pregnant inmates.

18. In June of 2009, describe the policy and/or the practice followed by the Sheriff's Office in selecting female inmates to include in the Sheriff's "Mom" program.

ANSWER: Defendants refer to previously tendered document titled MOM's Program Participant Handbook

19. Explain why plaintiff Lee was not admitted into the Sheriff's "Moms" program until after she gave birth in June of 2009.

ANSWER: Defendants direct Plaintiff to previously tendered "Moms" Program Participant Handbook.

                    Respectfully Submitted,
                    ANITA ALVAREZ
                    State's Attorney of Cook County

By: /s/Patrick Smith
     Patrick Smith
     Assistant State's Attorney
     Deputy Supervisor Torts/Civil Rights Litigation
     500 Richard J. Daley Center
     Chicago, Illinois 60602
     (312) 603-2388

Mr. Patrick S. Smith
Asst. Cook County State's Attorney
500 Richard J. Daley Center
Chicago, Il. 60602

June 4, 2010

Re: Lee v. Dart 09 C 7789

Via: U.S. Mail and facsimile

Dear Mr. Smith :

I am writing to you pursuant to Local Rule 37(2) concerning a document my office received in the above captioned case entitled "Defendant's Answer to Plaintiff's Interrogatories." In the instant case, Thomas Dart has been named in his individual and official capacity. The document is not signed by Thomas Dart as required under Rule 33 of the Federal Rule of Civil Procedures for a person responding to interrogatories nor is it signed by an officer or agent from the Sheriff's Office. Please provide me with properly executed answers to the plaintiff's interrogatories .

In addition to being improperly executed, I have the following comments in regards to the document tendered in response to the interrogatories:

Interrogatory # 5
    Defendant Dart failed to describe his understanding of the policy and/or practice of providing security for pregnant woman in custody when placed in a hospital;

Interrogatory # 6
    Defendant Dart failed to describe how he first became aware of the policy and/or practice;

Interrogatory #7
    Defendant Dart failed to describe what steps, if any , were taken after he became aware of the policy/or practice;

1


EXHIBIT 3

Interrogatory #15

  Defendants failed to respond to the reason why it was necessary to shackle the plaintiff's leg to her hospital bed prior to giving birth on June 2, 2009;

Interrogatory # 17

  Defendants failed to identify any and all individuals with knowledge relating to whether the plaintiff presented a flight or security risk during the periods complained of in her complaint;

Interrogatory#19

  Defendants failed to explain why the plaintiff was not admitted into the Sheriff's Moms Program until after she gave birth;

During the course of this week, I have left you several voice-mail messages seeking to discuss this matter with you but you have not responded to my telephone calls. Please contact me to discuss resolving the above outstanding matters.

        Sincerely,

        Thomas G. Morrissey



**OFFICE OF THE STATE'S ATTORNEY**
Cook County, Illinois

**ANITA ALVAREZ**
**STATE'S ATTORNEY**

69 W. Washington Street
Suite 2030
Chicago, Illinois 60602
(312) 603-1430

**PATRICK SMITH**
Deputy Supervisor
**CONFLICTS COUNSEL UNIT**

June 11, 2010

Thomas G. Morrissey, Ltd.
Attorney At Law
10249 S. Western Avenue
Chicago, Illinois 60643

Dear Tom:

    Per our understanding we will give you a list of Ex-Ops Sheriff Officers that we may call at trial. Since the Sidney discovery cut off is June 21, 2010 we may have to jointly seek the Court on June 17, 2010 for a short extension to depose the Ex-Ops Officers.

    Furthermore, I hope to have Dart's Interrogatories Answers on Lee and Sidney faxed to you by Tuesday, June 15, 2010.

Sincerely yours,

ANITA ALVAREZ
Cook County State's Attorney

By: _____
Patrick Smith
Assistant State's Attorney
69 West Washington, Suite 2030
Chicago, Illinois 60602
(312) 603-1422



EXHIBIT 4

## CERTIFICATE OF SERVICE

I hereby certify that on the 16th day of June, 2010, I electronically filed the forgoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: Patrick Smith, ASA, 69 W. Washington, Chicago, IL 60602, and I hereby certify that I have mailed by United States Postal Service the document to the following non CM/ECF participants: none.

/s/ Thomas G. Morrissey
Thomas G. Morrissey
10249 S. Western Ave.
Chicago, Illinois 60643
(773) 233-7900 (phone)
(773) 239-0387 (fax)
tgmlaw@ameritech.net (email)