IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Deborah Lee, | ) | |
| | ) | |
| Plaintiff, | ) | No. 09-cv-7789 |
| | ) | |
| v. | ) | Judge Henry D. Leinenweber |
| | ) | |
| Thomas J. Dart, Sheriff of Cook County, and | ) | |
| Cook County, Illinois | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT'S MOTION FOR A PROTECTIVE ORDER AND QUASH PLAINTIFF'S SUBPOENA FOR DEPOSITION**

NOW COMES Defendant, Thomas Dart, Sheriff of Cook County, by and through his attorney, ANITA ALVAREZ, State's Attorney of Cook County, through her assistant, James C. Pullos, pursuant to Rule 26 and Rule 45 of the Federal Rules of Civil Procedure, moves this Court to enter a protective order and to quash Plaintiff's Subpoena for Deposition as follows:

**ARGUMENT**

On June 30, 2010, Plaintiff issued a subpoena for deposition to Steve Patterson, Director of Communications in the Office of the Cook County Sheriff. Defendant objects to the production of Steve Patterson for deposition and hereby moves for a protective order and to quash said subpoena.

Plaintiff's subpoena for the deposition of Steve Patterson should be precluded under a protective order and quashed pursuant to Rules 26 and 45 of the Federal Rules of Civil Procedures. Pursuant to Rule 26(c)(1)(A), the Court may, "for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense" forbid the disclosure or discovery in an action. Fed. R. Civ. P. 26(a)(1)(C). Moreover,

under Rule 45, upon motion, the issuing court must quash or modify a subpoena if it: (1) fails to allow a reasonable time for compliance; (2) requires the disclosure of privileged or other protected matter; (3) subjects a person to an undue burden; (4) requires the disclosure of trade secrets or other confidential commercial information; or (5) requires the disclosure of an unretained expert's opinion. Fed. R. Civ. P. 45(c)(3)(A).

District courts have broad discretion in matters relating to discovery. *Patterson v. Avery Dennison Corp.*, 281 F.3d 676, 681 (7th Cir. 2002). Under Rule 26(b)(2)(C) of the Federal Rules of Civil Procedure, a district court may limit the scope of discovery if the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive. *Id.* Moreover, a subpoena will survive a motion to quash when it designates topics that are reasonably calculated to lead to admissible evidence. *Stock v. Integrated Health Plan, Inc.*, 241 F.R.D. 618 (S.D. Ill. Mar. 15, 2007).

In this matter, Plaintiff's subpoena for the deposition of Steve Patterson is not reasonably calculated to lead to admissible evidence, and Plaintiff's subpoena will cause annoyance, embarrassment, and harassment. Defendant submits that the intention of deposing Steve Patterson, the Sheriff's Director of Communications, is to elicit testimony regarding any bases and sources for press releases by the Office of the Sheriff of Cook County. As a result, Plaintiff's intention is to engage in a circuitous discovery process pertaining to the Sheriff's Office's Communications Director's sources, which may have provided for any press releases. Plaintiff's purpose in deposing the Sheriff's spokesperson is an attempt to engage the Sheriff's spokesperson in a public inquisition in hopes of drawing a nexus between the Sheriff personally and any comments his Office may have yielded to the press. However, in this matter, the Court has already allowed for a direct means of discovery as to any personal knowledge the Sheriff

may have related to this lawsuit through interrogatories. Moreover, Plaintiff has deposed four Superintendants from the Office of the Cook County Sheriff, designating three of those individuals as Rule 30(b)(6) deponents. These four depositions have consisted of 352 pages of testimony regarding the Sheriff's policy regarding shackling pregnant detainees, the Sheriff's "practice" or "custom" regarding shackling pregnant detainees, and more importantly, Sheriff's Dart personal involvement in the creation and implementation of these policies, practices, or customs.

Therefore, Plaintiff's subpoena for the deposition of Steve Patterson will result in annoyance, harassment, undue hardship, and embarrassment where the Plaintiff has other means of discovery that are less cumulative and less burdensome. Moreover, Plaintiff's deposition of Steve Patterson is not likely to lead to the discovery of admissible evidence.

## CONCLUSION

Defendant Sheriff Thomas Dart moves for this Court to enter a protective order and quash the subpoena for the deposition of Steve Patterson.

                Respectfully Submitted,

                ANITA ALVAREZ
                State's Attorney of Cook County

                */s/ Michael L. Gallagher*
                Michael L. Gallagher
                Assistant State's Attorney
                Torts/Civil Rights Litigation Section
                500 Richard J. Daley Center
                Chicago, Il 60602
                (312) 603-3124